Filed 12/31/14  In re Z.R. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re Z.R., et al., Persons Coming Under the Juvenile Court Law. | B253782 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. CK97023) |
| Plaintiff and Respondent, | |
| v. | |
| T.A., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Tony L. Richardson, Judge.  Affirmed.

Marissa Coffey, under appointment by the Court of Appeal, for Appellant.

Richard D. Weiss, Acting County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jacklyn K. Louie, Deputy County Counsel.

_____

Mother T.A. appeals from the juvenile court order taking jurisdiction of daughter Z.R. based on mother's drug abuse and the concomitant order placing the child in foster care. We affirm the jurisdictional order because jurisdiction was also assumed based on father's drug abuse, and we affirm the dispositional order because there was substantial evidence that placement with the mother posed a risk of harm to the child.

## FACTS AND PROCEDURAL HISTORY[1]

On December 31, 2013, the juvenile court assumed jurisdiction of 22-month-old Z.R. after sustaining allegations that her parents – mother T.A. and father D.R. – had a history of drug abuse that left them unable to properly care for the minor and placed her at a substantial risk of harm. (Welf. & Inst. Code, § 300, subd. (b).)

Mother tested positive for marijuana when Z.R. was born, although the child did not have marijuana in her system. Mother had lost five previous children in the Arizona dependency system due to cocaine and marijuana abuse. She also had several prostitution related convictions, including one that occurred while this dependency proceeding was pending. The manager of the apartment building where parents lived told a social worker for respondent Los Angeles County Department of Children and Family Services (DCFS) that their apartment reeked of marijuana. The minor's nanny also reported that the minor always smelled of marijuana and cigarettes.

There were also allegations of domestic violence, but mother recanted those and said she had filed false police reports claiming father had struck her. Father was reportedly mother's pimp and had a lengthy criminal history, including battery, assault with a firearm, sex with a minor, battery on a peace officer, and resisting arrest.

Mother claimed she had stopped using cocaine in 2002 and, as of March 2013, smoked marijuana only twice a day to ease her chronic back and leg pain. She obtained a marijuana prescription for that purpose, but said she never saw any other physician beforehand to diagnose and treat her pain. Mother claimed she kept the substance well

---

[1] As with most dependency proceedings, this one has a lengthy and detailed history. We recount only those facts necessary to our decision.

out of the minor's reach, and had someone else care for the minor while she was under the influence. By the time of the final adjudication hearing in December 2013, mother claimed she used marijuana only once a week, administered it by using a "G-pen," and was willing to give it up entirely if necessary in order to regain custody of the minor.

Mother claimed she conquered her cocaine addiction without any treatment by simply deciding to stop using it. A December 2013 DCFS report stated that mother had failed to complete a drug rehabilitation program ordered as part of one of her earlier criminal convictions.

The trial court believed mother was honest when she recanted her earlier domestic violence accusations, but concluded that her false accusations, including false police reports, left her with a serious credibility problem. The court then sustained the drug use allegations against both mother and father. The court ordered that the minor remain in foster care and awarded mother monitored visits of six hours per week. Mother contends there was insufficient evidence that her occasional use of prescription marijuana justified assuming jurisdiction of the minor. She also contends that even if the court properly assumed jurisdiction that there was insufficient evidence to justify the dispositional order.

## DISCUSSION

1. *Because Jurisdiction Was Proper Based on Father's Conduct We Need Not Consider Whether It Was Also Proper Based on Mother's Conduct*

Because the juvenile court assumes jurisdiction of the child, not the parents, jurisdiction may exist based on the conduct of one parent only. As a result, we need not consider jurisdictional findings based on the other parent's conduct. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1491.) However, we may exercise our discretion to reach the merits of the other parent's jurisdictional challenge in three situations: (1) the jurisdictional finding serves as the basis for dispositional orders that are also challenged on appeal; (2) the findings could be prejudicial to the appellant or could impact the current or any future dependency proceedings; and (3) the finding could have

3

consequences for the appellant beyond jurisdiction. (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763.)

Respondent contends that the general rule applies and that we should therefore affirm based on the uncontested jurisdictional findings made against father. Mother contends that we should reach the jurisdictional findings on the merits because without them the juvenile court could not have entered its dispositional order that kept the minor in foster care. As we set forth in section 2 of our DISCUSSION, the dispositional order is supported by implied findings that had nothing to do with mother's marijuana abuse. As a result, we decline to exercise our discretion to reach the jurisdictional issues on the merits.

2.      *The Dispositional Order Is Supported By Substantial Evidence*

In order to remove a dependent child from the parents' home there must be clear and convincing evidence of a substantial danger to the child's health, safety, and emotional well-being that cannot be eliminated by reasonable means. (Welf. & Inst. Code, § 361, subd. (c)(1).) We review the juvenile court's findings under the substantial evidence standard. (*Sheila S. v. Superior Court* (2000) 84 Cal.App.4th 872, 880-881.) Because the focus is on preventing harm to the child, the parent need not be dangerous and the minor need not have been actually harmed before removal is appropriate. (*In re J.S.* (2014) 228 Cal.App.4th 1483, 1492.)

As mother points out, the juvenile court did not meet its statutory obligation to state the facts upon which its disposition order was based. (Welf. & Inst. Code, § 361, subd. (d).) Where there is sufficient evidence to support the dispositional order, however, the court's error is considered harmless because it undoubtedly would have made findings adverse to the affected parent. (*In re Jason L.* (1990) 222 Cal.App.3d 1206, 1218-1219.) The record contains such evidence.

Mother had a history of convictions for prostitution-related offenses. As of December 2012, when the original petition in this case was filed, mother was in jail for a prostitution-related offense. In August 2013, mother was convicted again of prostitution-

4

related offenses and placed on probation. Even if the jurisdictional findings against mother were unwarranted, as a nonoffending parent she was still required to present a plan acceptable to the court demonstrating that she would be able to protect the minor from future harm. (Welf. & Inst. Code, § 361, subd. (c)(1).) We see nothing in the record that showed mother had abandoned prostitution. Combined with the fact that she picked up yet another prostitution conviction while this matter was pending in the juvenile court, her failure to address this issue and assure the court that she would not again be convicted and incarcerated justified the dispositional order.

Furthermore, the minor had been diagnosed with Post Traumatic Stress Disorder, which was exacerbated during her visits with mother, which included reported instances of mother berating the child for removing her hair barrettes. Mother was seen using a flammable sulfur hair compound on the minor even though the product bore a label warning against its use on young children. Her visits with the child were inconsistent and showed a disregard for her nap and feeding schedule.

Based on this evidence, we conclude that if the juvenile court had complied with its obligation to make dispositional findings, there is no doubt that these findings would have supported the removal of the child from mother's custody. We therefore affirm the dispositional order.

## DISPOSITION

The jurisdictional and dispositional orders entered as to mother T.A. are affirmed.


                                             RUBIN, J.
WE CONCUR:



        BIGELOW, P. J.                                          FLIER, J.


5